UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sarah Silver Rose,<br><br>                       Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>                       Defendant. | **Civil Action No. _____** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. PRELIMINARY STATEMENT**

1. This action arises as a result of the Defendant Wells Fargo's failure to honor Plaintiff Sarah Silver Rose's rescission of her home mortgage. Ms. Rose rescinded her current loan pursuant to her rights under the Truth in Lending Act 15 U.S.C. § 1601, *et seq*. ("TILA"); however, Defendant failed to effectuate her rescission.

2. Alternatively, this action also arises from Wells Fargo's improper recording of a mortgage that is not incident to an obligation. Wells Fargo recorded a mortgage that recites to a loan that, quite simply, does not exist. Wells Fargo now claims that this mortgage is incident to a different loan that it originated more than a month after Rose executed the subject mortgage. Quite simply, the mortgage secures an fictional interest and improperly clouds Rose's title.

3. This Complaint is filed under TILA, Minnesota declaratory relief statute, and common-law slander of title laws to enforce Ms. Rose's right to rescind her mortgage loans, remove Wells Fargo's mortgage against her home, to recover actual and statutory damages, and reasonable attorney's fees and costs, as applicable, by reason of state and federal statute and common-law, and Defendant's violations of TILA and its implementing regulations, Regulation Z, 12 C.F.R. § 226.1 *et. seq.*

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), 28 U.S.C. § 1331, and further pursuant to 28 U.S.C. § 1367 for pendant state law claims, including Minn. Stat. § 555.01.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

6. Plaintiff Sarah Silver Rose (hereinafter "Rose") is an individual who resides at 15524 80th Street South, Hastings, Minnesota 55033 (hereinafter "Property" or "Home"). Prior to marriage, Rose's name was Sarah Silberberg. At all relevant times Rose has been an owner of the Home and the Home has been Rose's principal dwelling.

7. The Property is an abstract property with the legal description as follows:

That part of the Southwest Quarter of the Southeast Quarter (SW 1/2 of SE 1/4) and the Easterly 10 rods of the East Half of the Southwest Quarter (E 1/2 of SW 1/4) of Section 10, Township 27 North, Range 20 West, Washington County, Minnesota, described as follows:

Commencing at the South Quarter corner of said Section 10; thence north 88 degrees 57 minutes 43 seconds east, bearing assumed, along the south

line of said Southwest Quarter of the Southeast Quarter (SW 1/4 of SE 1/4), a distance of 107.00 feet; thence north 0 degrees 34 minutes 43 seconds east a distance of 160.00 feet to the point of beginning of the land to be described and said point is marked by a judicial landmark; thence north 0 degrees 34 minutes 43 seconds east a distance of 128.50 feet to a judicial landmark; thence south 88 degrees 57 minutes 43 seconds west a distance of 285.20 feet to the west line of said easterly 10 rods of the East Half of the Southwest Quarter (E 1/2 of SW 1/4), and to a Judicial Landmark ; thence South 2 degrees 02 minutes 17 seconds East, along said West line of the Easterly 10 rods of the East Half of the Southwest Quarter (E 1/2 of SW 1/4), a distance of 128.47 feet to its intersection with a line bearing south 88 degrees 57 minutes 43 seconds west from the point of beginning and to a judicial landmark; thence north 88 degrees 57 minutes 43 seconds east a distance of 279.33 feet to the point of beginning.

8. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a bank legally chartered in Sioux Falls, SD and headquartered in San Francisco, CA that provides banking and loans, including home loans.

9. Wells Fargo's registered agent in Minnesota is Corporation Service Company located at 380 Jackson Street #700, St. Paul, Minnesota 55101.

## IV. FACTS

*The Subject Mortgage Secures a Fictional Interest and is Facially Inconsistent*

10. On or about June 1, 2006, Rose and Thomas Maertz, her then-husband, executed a mortgage to the benefit of Wells Fargo securing a $60,000 home equity line of credit against the Property. (Exhibit 1.)

11. The notary who acknowledged the Mortgage states that on November 14, 2006 he witnessed Rose and Maertz sign the instrument. This Mortgage was recorded by the Washington County Recorder's Office on December 20, 2006.

12. The date of the acknowledgment is five months and thirteen days *after* the effective date of the Mortgage.

13. The Mortgage describes the incident "Debt Instrument" as "the loan agreement or other credit instrument signed by Borrower and dated June 1, 2006." (Exhibit 1.)

14. No loan agreement or credit instrument exists that either or both Maertz and Rose executed on June 1, 2006.

15. A mortgage is incident only to the debt interest described in the note.

16. A mortgage must describe the debt instrument with specificity.

*Wells Fargo Originated a Different Loan to the Benefit of Rose's Husband that is Unsecured*

17. On or about June 28, 2006, Wells Fargo executed a promissory note to the benefit of Thomas W. Maertz, for a line of credit up to $60,000.00 for a home equity line of credit ("HELOC"). (Exhibit 2.)

18. Maertz executed the agreement on June 29, 2009, which is 27 days *after* the execution date of the subject Mortgage.

19. Rose is not a signatory to the note.

20. Wells Fargo asserts that the June 1, 2006 mortgage secures the June 28, 2006 note.

*Rose did not Receive any of TILA's Mandatory Disclosures Related to the Loan*

21. The Note contains an acknowledgment of receipt of disclosures, which represents, in part, that the signatory "acknowledge[s] receipt of the [HELOC] Important Terms disclosure and the home equity brochure when [he] applied for this Account." (Exhibit 2, p. 16.)

22. Only Maertz signed the Note and acknowledged receipt of the HELOC Important Terms disclosure.

23. When entering into a consumer credit transaction that is secured by a consumer's principal dwelling, TILA requires that creditors provide certain "material" disclosures to consumers. 15 U.S.C. §§ 1638, 1602(u); 12 C.F.R. § 226.15(a)(1).

24. "Material" disclosures for a home equity line of credit include the disclosure of the method of determining the finance charge, the annual percentage rate, the amount or method of determining the amount of any membership or participation fee, payment information, and the consumer's right of rescission. 15 U.S.C. §§ 1638, 1602(u); 12 C.F.R. § 226.15.

25. The creditor must make these disclosures clearly and conspicuously in writing and in a form that the borrower may keep. 12 C.F.R. § 226.5(a).

26. The creditor must also make these disclosures to any natural person whose ownership interest in his or her principal dwelling is subject to the risk of loss because of the loan even if that person is not liable, either primarily or secondarily, on the underlying credit transaction.

27. Rose has an ownership interest in the Property.

28. Rose did not receive any of the TILA-required material disclosures related to the HELOC.

29. Because she did not receive any disclosures related to the HELOC, the HELOC disclosures were not provided clearly and conspicuously in a form that Rose could keep.

*The Attestation Date on the Mortgage is Inconsistent with the Notice of Right to Cancel and Gives Rise to Additional Basis for Rescission under TILA*

30. Wells Fargo has proffered four copies of the notice of right to cancel, two signed by Maertz and two signed by Rose. (Exhibit 3.)

31. The notice of right to cancel indicates that Rose received the notice on June 29, 2006.

32. The notice of right to cancel date of June 29, 2006 is dated almost five months before the notary's November 14, 2006 attestation date on the mortgage, the date that he claims to have witnessed Rose sign the mortgage.

33. Construing the mortgage and the notice of right to cancel together, Rose's right to cancel the security interest pursuant to TILA expired almost five months before she granted the security interest.

34. Giving notice of right to cancel a security interest that does not exist is not a clear and conspicuous disclosure pursuant to TILA. 12 C.F.R. § 226.5(a).

35. Additionally, if Rose and Maertz signed the mortgage on November 14, 2006, TILA mandates that they should have received a Notice of Right to Cancel on or after this date.

36. Not providing a proper notice of right to cancel is a violation of TILA.

*Rose Rescinded the Loan Pursuant to TILA by Giving Wells Fargo Proper and Timely Notice of Her Rescission*

37. Rose and Maertz separated in May of 2007.

38. Upon Rose and Maertz' separation, Rose contacted Wells Fargo to find out the status of the HELOC account.

39. Rose discovered that the HELOC had terms that she did not recall agreeing to; namely, that she was not a co-borrower and she could not control its disbursements.

40. Because Rose was not a borrower on the account, the bank refused to speak to her.

41. Rose attempted numerous times to get information from Wells Fargo related to the account. Wells Fargo insisted that it would not provide information to Rose, and ultimately told her that she would know the account was in arrears when she found a foreclosure notice on her door. (*See* Exhibit 4.)

42. In a letter to Rose dated December 31, 2008, Wells Fargo stated that "[its] research has confirmed that [Rose is] not a co-borrower on the [HELOC]." (Exhibit 4.)

43. Wells Fargo also asserted that she 'sign[ed] the Deed of Trust, whereby [she] gave [her] consent to the lien being placed upon the property securing the [HELOC]." (Exhibit 5. )

44. The mortgage indicates that Rose gave consent to a lien subject to an instrument signed by Maertz and Rose, dated June 1, 2006.

45. As discussed above, there is no debt instrument dated June 1, 2006 to Rose's or Maertz's benefit.

46. On or about June 8, 2009, Rose, through attorney Carl Christensen, by letter via certified mail, informed Wells Fargo that Rose had decided to rescind the Mortgage. (Exhibit 6).

47. In a letter dated August 3, 2009, Wells Fargo responded to Rose's rescission letter. In this letter, Wells Fargo stated that they found no grounds for rescission. In the letter Wells Fargo stated that they "enclosed a copy of your account documents for your review." (Exhibit 7.)

48. The documents enclosed with the August 3, 2009 letter include the subject Mortgage (Exhibit 1) and HELOC Note (Exhibit 2).

49. Absent from Wells Fargo's documents is any evidence of a June 1, 2006 that the Mortgage purports to be incident to.

50. Absent from Wells Fargo's documents is any evidence that Rose received a notice of right to cancel on or about November 14, 2006.

51. Wells Fargo concluded its August 3, 2009 letter by stating that it "encourage[d] [Rose] to discontinue sending letters expressing legally baseless claims."

## V. LEGAL CLAIMS

### COUNT I
### TRUTH IN LENDING ACT RESCISSION
### 15 U.S.C. § 1635

52. Rose incorporates the above paragraphs by reference herein.

53. When entering into a consumer credit transaction that is secured by the consumer's principal dwelling, the consumer has the right to rescind the transaction for three business days following consummation of the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. §§ 226.15(a)(1), 226.5(a)(3).

54. When entering into a consumer credit transaction that is secured by a consumer's principal dwelling, TILA requires that creditors provide certain "material" disclosures to consumers. 15 U.S.C. §§ 1638, 1602(u); 12 C.F.R. § 226.15(a)(1).

55. "Material" disclosures for a home equity line of credit include the disclosure of the method of determining the finance charge, the annual percentage rate, the amount or method of determining the amount of any membership or participation fee, and payment information. 15 U.S.C. §§ 1638, 1602(u); 12 C.F.R. § 226.15.

56. A creditor must clearly and conspicuously disclose the disclosures required in TILA. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.5(a)(1).

57. Where the consumer's right to rescind or any material disclosures are not given in conformity with TILA or Regulation Z, a consumer has a continuing right to rescind the transaction for up to three years unless the property has been earlier sold or transferred. 15 U.S.C. §§ 1635(a), 1635(f); 12 C.F.R. §§ 226.15(a)(1), 226.15(a)(3).

58. "For purposes of rescission under section[] 226.15… a consumer includes any natural person whose ownership interest in his or her principal dwelling is subject to the risk of loss.  Thus, if a security interest is taken in A's ownership interest in a house and that house is A's principal dwelling, A is a consumer for the purposes of rescission, even if A is not liable, either primarily or secondarily, on the underlying credit transaction." *Official Staff Commentary on Regulation Z*, § 226.2(a)(11).

59. Rose is a natural person in whose principal dwelling a security interest was acquired by Wells Fargo via the Mortgage, and Rose's ownership interest is subject to the security interest and subject to the risk of loss.

60. Rose is a consumer as defined by Regulation Z, 12 C.F.R § 226.2(a)(11).

61. "The creditor shall make the disclosures required [for open-end credit] clearly and conspicuously in writing in a form that the consumer may keep." 12 C.F.R 226.5(a)(1).

62. The Note is signed by Maertz and only Maertz acknowledges receiving the required material disclosures required under TILA.

63. Wells Fargo did not provide the disclosures required for open-end credit by TILA and Regulation Z to Rose in writing in a form that she could keep.

64. A creditor must clearly and conspicuously disclose the consumer's right to rescind, including the date the rescission period expires.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.15(b)(2).

65. The Notice of Right to Cancel is June 29, 2006 is dated almost five months before the notary's November 14, 2006 attestation date on the mortgage, the date he attested that he witnessed Rose sign the mortgage.

66. Rose has a continuing right to rescind the transaction for three years as provided by 15 U.S.C. §§ 1635(a), 1635(f) and 12 C.F.R. §§ 226.15(a)(1), 226.15(a)(3).

67. Because Rose's mortgage transaction was closed on June 26, 2006, under TILA, she has until June 26, 2009, to exercise her right of rescission.

68. By exercising her right of rescission on June 8, 2009, she exercised it within the three-year period specified by TILA.

69. Upon rescission, a consumer is not liable for any finance or other charge under the rescinded loan and any security interest given by the consumer is void. 15 U.S.C. § 1635(b); Regulation Z, 12 C.F.R. § 226.15(d)(1).

70. Within twenty days of receiving the consumer's notice of rescission, the creditor must return to the consumer any money that has been given to anyone in connection with the mortgage loan and must take any action necessary or appropriate to reflect the termination of the security interest taken in connection with the transaction. 15 U.S.C. § 1635(b); Regulation Z, 12 C.F.R. § 226.15(d)(2).

71. As a result of Rose's exercise of her right to rescind the transaction, Rose is not liable for any finance or other charge imposed under the current loans; Defendant must return all payments made under the current loans; and Defendant must release the security interest taken in Rose's home in connection with the current loans. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.15(d).

72. Defendant Wells Fargo has failed to effectuate Rose's timely rescission, and Rose has suffered damages and injury as a result.

## COUNT II
## THE MORTGAGE IS VOID
## DECLARATORY RELIEF

73. Rose incorporates the above paragraphs by reference herein.

74. Under TILA, Wells Fargo has a duty to give Rose the required disclosures clearly and conspicuously in writing in a form that Rose may keep. 12 C.F.R 226.5(a)(1).

75. Wells Fargo did not provide the disclosures related to its HELOC loan to Rose in writing in a form that she could keep.

76. Rose has a continuing right to rescind the transaction for three years as provided by 15 U.S.C. §§ 1635(a), 1635(f) and 12 C.F.R. §§ 226.15(a)(1), 226.15(a)(3).

77. Because Rose's mortgage transaction was closed on June 26, 2006, under TILA, she has until June 26, 2009, to exercise her right of rescission.

78. By exercising her right of rescission on June 8, 2009, she exercised it within the three-year period specified by TILA.

79. Upon rescission, Rose is not liable for any finance or other charge under the rescinded loan and any security interest given by Rose is void. 15 U.S.C. § 1635(b); Regulation Z, 12 C.F.R. § 226.15(d).

80. Therefore, Rose seeks relief from the Court in the form of a declaration that the subject mortgage is void and in the form of an order directing that the Washington

County Recorder shall remove the lien created by the subject mortgage and otherwise release the Property from it.

## COUNT III
**ALTERNATELY, THE MORTGAGE IS VOIDABLE AND SHOULD BE VOIDED**
**DECLARATORY RELIEF**

81.  Rose incorporates the above paragraphs by reference herein.

82.  A mortgage is incident only to the debt instrument described in the loan agreement.

83.  A mortgage must describe the debt instrument with specificity.

84.  The Mortgage describes the "Debt Instrument" as "the loan agreement or other credit instrument signed by Borrower and dated June 1, 2006."

85.  No loan agreement or credit instrument exists that is signed by Maertz and Rose and dated June 1, 2006.

86.  Wells Fargo claims that the subject mortgage is incident to the HELOC Note, which Maertz signed on June 28, 2006.

87.  The Mortgage describes a Debt Instrument that does not exist.

88.  The Mortgage is invalid and without purpose because it describes and is incident to a Debt Instrument that does not exist.

89.  For the above reasons the Mortgage is invalid.

90.  Therefore, Rose seeks relief from the Court in the form of a declaration that the subject mortgage is void and in the form of an order directing that the Washington

County Recorder shall remove the lien created by the subject mortgage and otherwise release the Property from it.

**COUNT IV**
**SLANDER OF TITLE**

91. Rose incorporates the above paragraphs by reference herein.

92. Slander of Title requires (1) a false statement about real property owned by the plaintiff; (2) publication of the false statement; (3) malicious publication; and (4) pecuniary loss to the plaintiff in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000).

93. In Minnesota, malice, in a slander of title case, requires that the disparaging statements be made without a good faith belief in their truth. *Quevli Farms, Inc. v. Union Sav. Bank & Trust Co.* 226 N.W. 191, 30 (1929).

94. Wells Fargo made and published a false statement about the Property. Namely, they recorded a mortgage incident to a nonexistent loan and recorded that mortgage with the Washington County Office of the Registrar of Titles.

95. Wells Fargo filed the Mortgage maliciously: Specifically, the assignment was publicly recorded even though it was not valid and in disregard to the facts. At best, the assignment was sloppily and carelessly prepared without regard to the law.

96. The publication of the fraudulent and false assignment, dated August 11, 2008, has caused the Plaintiff pecuniary loss in the form of special damages. Specifically, Plaintiff has:

    a. Incurred costs and liabilities associated with this pending declaratory judgment action/quiet title action, such as filing fees, service of process fees, and potentially expert witness fees; and

    b. Incurred travel costs to attend meetings with her counsel, court hearings, and time away from work.

97. As a result of Defendants' slander of title, Plaintiffs request the following relief:

    a. Special damages;

    b. Injunctive relief; and

    c. Such other and further relief as this Court deems appropriate.

## VI. PRAYER FOR RELIEF

**WHEREAS**, based on the foregoing, Rose requests that this Court:

1. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant Wells Fargo is liable to Plaintiff Rose for:

    a. Enforcement of her rescission rights, including: a declaration that the security interest in her home created under the transaction is void and that she is not liable for any finance or other charges imposed in connection with the mortgage loan transaction; an order requiring Defendant to reflect the termination of the mortgage of record; and an order requiring Defendant to return any money

or property given by Plaintiff Rose to anyone, including Defendant, in connection with the transaction;

      b.      Statutory damages of $4,000 as a result of the failure by Defendant to effectuate Plaintiff Rose's rescission as required under 15 U.S.C. § 1635(b) and Regulation Z, pt. 226.15(d);

      c.      Actual damages in an amount to be determined at trial;

      d.      Costs of this action, including reasonable attorney fees as provided under 15 U.S.C. § 1640(a)(3); and

      e.      Such other and further relief as this Court deems appropriate, including a specific determination of the tender amount in light of the violations and consideration of equitable modification of the mortgage or tender obligations.

2.      Grant declaratory judgment:

      a.      That the Mortgage is invalid because it describes a Debt Instrument that does not exist and because it was executed before the note.

      b.      That the Mortgage is void because of Rose's timely rescission.

      c.      That the lien created by the Mortgage shall be released.

3. As a result of Wells Fargo's slander of the Property's title, damages, reasonable attorney's fees and costs, and appropriate equitable relief.

**CHRISTENSEN LAW OFFICE PLLC**

Dated: January 9, 2010			By: /s/Carl Christensen
						Carl Christensen (# 0350412)
						1422 West Lake Street, Suite 216
						Minneapolis, Minnesota 55408
						(612) 823-4016
						(612) 823-4777 fax
						carl@clawoffice.com
						Attorney for Plaintiff